UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADRIAN J. ALLEN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2005 |
| W&T OFFSHORE, INC., ET AL. | * | SECTION “H” DIV. (2) |

**ORDER AND REASONS**

Before me is Defendant Quality Process Services, LLC’s Motion for Leave to File Cross Claim against Danos, LLC and W&T Offshore, Inc. ECF No. 41. This motion was scheduled for submission on Wednesday, August 26, 2026. ECF No. 41-2. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, August 18, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

**LAW AND ANALYSIS**

Defendant Quality Process Services, LLC filed this motion seeking leave to file a cross-claim against co-defendants W & T Offshore, Inc. and Danos, L.L.C. on August 10, 2026. ECF No. 41. The governing Scheduling Order required all amendments to pleadings be filed on or before August 10, 2026. ECF No. 39 at 1. Thus, Defendant timely sought leave before expiration of the Scheduling Order’s deadline, and the request for leave is governed by Rule 15(a) of the Federal Rules of Civil Procedure rather than the more stringent good cause requirements of Rule 16(b). *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (holding Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a

scheduling order deadline has expired and allows modification "only . . . for good cause"; the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

No party has filed an Opposition to Defendant's motion. Absent identification of any reason for opposition to the motion, there is no "substantial reason" to deny the request for leave under Rule 15(a).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Defendant Quality Process Services, LLC's Motion for Leave to File Cross Claim against Danos, LLC and W & T Offshore, Inc. is GRANTED;

---

[1] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173-74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[3] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

IT IS FURTHER ORDERED that the Clerk file Defendant's Proposed Cross-Claim (ECF No. 41-5) into the court record.

New Orleans, Louisiana, this 26th day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE